IzPER CURIAM.
Joseph Marcelle, Larry Williams, and Johnnie Jones, Jr. (plaintiffs), registered voters residing in Section 1 of the Baton Rouge City Court election district, filed this suit to disqualify Winston G. DeCuir (defendant) as a candidate for Division “D” of Baton Rouge City Court.[2] The case was tried by preference under the election laws of Louisiana, after which the trial court ruled in favor of defendant and dismissed plaintiffs’ suit. Plaintiffs are before us now on an expedited appeal.
FACTS
Rosemary Pillow retired as judge, Division “D,” Baton Rouge City Court, on April 20, 1995. Defendant was appointed by the Louisiana Supreme Court to serve as judge for Division “D” from April 22, 1995, through October 21, 1995. Defendant resigned his pro tempore appointment on September 7, 1995, and that same day filed as a candidate in the October 21 election for judge, Division “D.”
CONTENTIONS OF THE PARTIES
Plaintiffs contend defendant is ineligible as a candidate because of Article 5, Section 22(B) of the Louisiana Constitution, which provides in pertinent part:
A ... vacancy in the office of a judge shall be filled by a special election called by the governor.... Until the vacancy is filled, the supreme court shall appoint a person meeting the qualifications for the office, other than domicile, to serve at its pleasure. The appointee shall be ineligible as a candidate at the election to fill the vacancy....
(Emphasis added.) Plaintiffs’ interpretation of that provision is that it prohibits an appointee from running for the ^position to which he was appointed, whether the election is for a full term or for the balance of a term.[3]
The trial court did not agree with plaintiffs’ interpretation of the Constitution. Instead, it agreed with an attorney general’s opinion, no. 95-384 of September 7, 1995, which opined that the constitutional prohibition was inapplicable because it “prohibits the interim appointee from running in a special election to fill that vacancy as distinguished from running in the general election to fill a new term.... ” Defendants contend the trial court and attorney general are correct.
CONSTITUTIONAL HISTORY
Article V of the Louisiana Constitution controls the judicial branch of state government. Section 22 was one of the most significant changes of Article V from the 1921 Constitution to the 1974 Constitution. Under the 1921 Constitution, judicial vacancies were filled by gubernatorial appointments, and the appointees were free to seek election for full terms when their appointments expired. The delegates to the 1973 Louisiana Constitutional Convention sought to curtail the power of the governor and, at the same time, to remove the advantage appointees held when seeking election to the position to which they had been previously appointed. Our review of the record of the constitutional debates over this provision, which puts this issue in its proper historical perspective, *369 shows the delegates clearly intended to prohibit the conduct defendant attempts.
The delegates complained that 60% of the judges sitting in 1973 were initially appointed by the governor and that the appointees had unfair advantages in the elections following 14their appointments.[4] Louisiana Supreme Court Justice A1 Tate stated the purpose of the provision as follows:
[Wjhoever is appointed is ineligible to run.... That’s deliberately supposed to ... have a lawyer be appointed who has no ambitions_ I’ve been told that ... it’s to give the people a choice; not to give the Supreme Court or the governor a choice; to give the people a choice.[5]
United States District Judge Tom Stagg characterized the provision as
the greatest safeguard that the Judiciary Committee has written into this new constitution that when a vacancy occurs, the temporary appointment will be made by the Supreme Court ... of a person, who could not thereafter run to permanently occupy the job.
He explained:
Some mystique attaches itself to a man that once he achieves the seat on the bench and he puts on the black robe and then the time for the election comes for him to run permanently for that job.... I think that’s an unfair advantage over every other lawyer who might want to seek that post who might be equally qualified but does not have the governor’s blessing to get there in the first instance.[6]
ANALYSIS OF TRIAL COURT OPINION
The trial court agreed with an attorney general’s opinion, which was based on a 1990 attorney general’s opinion.[7] The attorney general’s office apparently overlooked at least two opinions to the contrary rendered in 1986 and 1989.[8] In the 1989 opinion, the attorney general was asked whether a person appointed to fill the balance of a retiring city judge’s term could run for the retiring judge’s seat. The opinion states that Article 5, Section 22 “specifically refers to the office that has recently become vacant and which has been filled by the appointee or person elected. | gTherefore, that vacant seat may not be filled by the appointee.... ”
That interpretation is in accord with the common meaning of the word “vacancy” when applied to a political office:
The word “vacancy,” when applied to official positions, means, in its ordinary and popular sense, that an office is unoccupied, and that there is no incumbent....[9]
Under our Civil Code, the words of a law must be given their generally prevailing meaning. La.C.C. art. 11.
CONCLUSION
Based on our review of the record, the constitutional history, and the constitutional provision itself, we find the trial court committed legal error in its interpretation of Article V, Section 22(B) of the Louisiana Constitution. The judgment of the trial court is reversed, and judgment is rendered in favor of plaintiffs, declaring Winston G. DeCuir ineligible to run as a candidate for Division “D” of Baton Rouge City Court.[10] Defendant is cast with all costs of this appeal.
REVERSED AND RENDERED.
KUHN, J., concurs and assigns reasons.

. Plaintiffs also named as defendants W. Fox McKeithen, the Louisiana Secretary of State, and Jerry M. Fowler, the Louisiana Commissioner of Elections.

.Plaintiffs also contend defendant violated a written promise made to the Louisiana Supreme Court at the time of his appointment. Because of our disposition of this case we need not discuss that issue.

. 6 Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, at 822 (1977).

. Id. at 824.

. Id. at 825.

. Op.Att'y Gen. 90-338A (1990).

. Ops.Att'y Gen. 89-134 (1989) and 86-823 (1986).

. Black’s Law Dictionary 1548 (6th ed. 1990).

. We pretermit discussion of whether Louisiana Revised Statute 18:1402 makes the Secretary of State and Commissioner of Elections necessary or indispensable parties because counsel for those parties stated in open court they would abide by the decision of this court.